# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:15cr254 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| FRANKLIN D. CONLEY, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court are two motions filed by defendant Franklin Conley ("Conley"): (1) a motion to dismiss the superseding indictment for lack of subject matter jurisdiction (Doc. No. 26 ["MTD"]); and (2) a renewed motion for a bill of particulars (Doc. No. 27 ["Mot. Bill"]). The government opposes both motions (Doc. No. 28 ["Opp'n MTD"]; Doc. No. 30 ["Opp'n Mot. Bill"]), and Conley has filed a reply in support of his motion to dismiss (Doc. No. 31 ["Reply MTD"]). These matters are fully briefed and ripe for resolution.

## I.  BACKGROUND

On June 11, 2015, a complaint was filed against Conley and a co-defendant, Patrick Griffin, charging the two men with conspiracy to commit Hobbs Act extortion, in violation of 18 U.S.C. § 1951, and transmitting in interstate commerce communications extorting money and threatening violence, in violation of 18 U.S.C. § 875(b). (Doc. No. 1.) The charges have been amended several times. The second superseding indictment, filed August 19, 2015, charges defendants with one count of conspiracy to commit Hobbs Act extortion, five counts of conspiracy to possess with the intent to distribute controlled substances, in violation of 21 U.S.C.

§ 843(b), one count of possession with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of transmitting threatening communications. (Doc. No. 20 (Superseding Indictment ["S.I."]).)

According to the superseding indictment, defendants are alleged to have conspired to "obtain money and/or a referral to a source of supply of illegal narcotics from two individuals, known to the grand jury, by threatening to kill or harm those individuals and members of their family if they did not comply with [defendants'] demands." (S.I. at 94[1].) The two individuals to whom the threats of violence were directed are identified in the S.I. as "individual #1" and "individual #2." (*Id.*) The S.I. details the dates and content of the alleged threatening communications.

## II.  MOTION TO DISMISS COUNTS 1 AND 8

Conley challenges the sufficiency of the superseding indictment, and requests that the Court dismiss Count 1 (Conspiracy to Commit Hobbs Act Extortion) and Count 8 (Transmitting Threating Communications in Interstate Commerce). Conley complains that the Hobbs Act conspiracy count is deficient because it "is silent as to how or what effect [his] alleged conduct would have had on interstate commerce." (MTD at 121.) He suggests that the transmitting communications count is also fatally deficient because "all alleged communications took place between individuals within the State of Ohio using an intrastate cellular network." (*Id.* 122.)

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1); *see United States v. Blandford*, 33 F.3d 685,

704 (6th Cir. 1994) (The Sixth Amendment requires an indictment to "inform the defendant of 'the nature and cause of the accusation.'") (quoting *United States v. Piccolo*, 723 F.2d 1234, 1238 (6th Cir. 1983) (en banc)). It need only contain those facts and elements necessary to inform the accused of the charges so that he may prepare a defense, *see Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir. 2006), and protect against double jeopardy. *See United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005) (citations omitted). "An indictment is generally sufficient if it 'fully, directly, and expressly . . . set[s] forth all the elements necessary to constitute the offense intended to be punished.'" *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (quoting *Douglas*, 398 F.3d at 411). Moreover, while the statutory language must be accompanied by sufficient facts to inform the defendant of the specific offense being charged, *Hamling v. United States*, 418 U.S. 87, 117-18, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974), the indictment need not "exhaustively recount the facts surrounding the crime's commission," *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997), or provide details of how it will be proved. *Id*. at 1191 ("The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved.") (quotation marks and citation omitted).

Further, the indictment is tested solely by its sufficiency to charge an offense. *United States v. Sampson*, 371 U.S. 75, 78-79, 83 S. Ct 173, 9 L. Ed. 2d 136 (1962). At the pre-trial stage, the Court does not consider the strength or weakness of the government's case, or the sufficiency of the government's evidence. *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009); *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("Courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based.") Courts

---

[1] All page numbers are to the page identification number generated by the Court's electronic docketing system.

"routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *United States v. Gutrier*, 669 F.3d 1, 4 (1st Cir.2011) (collecting cases). "When a pretrial motion raises questions of fact intertwined with issues involving the merits of the case . . . a court should defer determination of that matter until trial." *United States v. Silvius*, No. 1:12CR172, 2012 WL 5878841, at *2 (N.D. Ohio Nov. 21, 2012) (citing *United States v. Knowx*, 396 U.S. 77, 83, 90 S. Ct. 363, 24 L. Ed. 2d 275 (1969)).

With respect to Count 1, the Hobbs Act provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). To establish the underlying crime of Hobbs Act extortion, the government must prove two elements: "(1) interference with interstate commerce (2) in the course of a substantive criminal act." *United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. 2005). "If the victim of the robbery or violence is a business entity, the effect on interstate commerce need only be *de minimis*." *Id.* (citing *United States v. Smith*, 182 F.3d 452, 456 (6th Cir. 1999)).

Conley contends that because the alleged extortion in Count 1 of the superseding indictment was directed at private individuals, and not a business entity, the government must prove a "substantial connection" between these individuals and the effect on interstate commerce to satisfy the interference with interstate commerce prong of the statute. (MTD at 122, citing *United States v. Wang*, 222 F.3d 234, 239-40 (6th Cir. 2000)). As such, he insists that the charge must be dismissed because the superseding indictment is "silent on the particularized commerce Mr. Conley is alleged to have conspired to interfere with, the involvement of the alleged victims

4

in interstate commerce, and the extent to which the alleged victims' business(es) are involved with and/or affect interstate commerce." (*Id.*)

As summarized above, Count 1 of the superseding indictment charges defendants with conspiring to extort money and sources for drugs from two individuals. The charging instrument contains a description of the object of the conspiracy, the manner and means of the conspiracy, and a detailed account of the acts in furtherance of the conspiracy. Tracking the language of the statute, the charging instrument further alleges that defendants agreed "to in any way and degree, delay and affect commerce by extortion and threats of physical violence to any person . . . ." (S.I. at 93.) These allegations are sufficient to alert Conley to the charges against him so that he may prepare a defense and guard against double jeopardy. *See United States v. Rodriguez*, 360 F.3d 949, 958-59 (9th Cir. 2004) (Hobbs Act conspiracy charge sufficient even without statutory language that the conspiracy "obstructs, delays or affects" interstate commerce); *United States v. Woodruff*, 50 F.3d 673, 677 (9th Cir. 1995) ("although the indictment contained no facts alleging how interstate commerce" was affected, the indictment sufficiently pled a charge of Hobbs Act conspiracy).

Conley's attack is really directed to the standard of proof the government must satisfy at trial, and the sufficiency of the evidence available to the government to meet that proof. Whether or not the government can prove the indictment allegations, including the required effect on interstate commerce, is an issue for trial. Conely's attempt to test the sufficiency of the government's case through a motion to dismiss is inappropriate. Such a motion is appropriately brought at the end of the government's case in the form of a Rule 29 motion for a judgment of acquittal. *See Guerrier*, 669 F.3d at 4 (may not use a motion to dismiss to test the indictment "even when the challenge centers on the adequacy of the evidence concerning the interstate-

commerce aspects of a Hobbs-Act offense") (collecting cases); *United States v. Pollard*, No. 3:09-cr-240, 2012 WL 5511785, at *2 (M.D. Tenn. Nov. 14, 2012) (denying motion to dismiss based on a similar challenge to proofs available to support the effect on interstate commerce, and noting that defendant "may properly raise the issue at the close of the Government's proof at trial through a Rule 29 Motion for Judgment of Acquittal"); *United States v. Remire*, 400 F. Supp. 2d 627, 632 (S.D.N.Y. 2005) (rejecting similar attack on a Hobbs Act charge in indictment, and underscoring the fact that the "appropriate time to undertake the analysis is not at the pretrial stage").

Conley offers no support for his position that the government must allege the facts establishing the impact on interstate commerce. *See United States v. Bellamy*, 521 F. App'x 590, 592 (9th Cir. 2013) ("There is no requirement that a Hobbs Act indictment allege specific facts establishing an impact on interstate commerce.") (citing *Woodruff*, 50 F.3d at 676); *United States v. Phonogsavath*, No. 14-CR-64, 2015 WL 541575, at *3 (E.D. Wis. Feb. 9, 2015) (In rejecting a similar attack, the court noted that the defendants "cite no case in which a Hobbs Act indictment was dismissed pre-trial for failure to sufficiently explain or demonstrate the effect on commerce."). Indeed, it is telling that the Hobbs Act case Conley relies upon to challenge the sufficiency of the indictment—*United States v. Wang*—involved an assessment of the sufficiency of the evidence presented at trial.

Conley suggests, however, that the failure to set forth the details surrounding the effect on interstate commerce robs this Court of jurisdiction. Defendant misunderstands the nature of the commerce element of the Hobbs Act. "Although the Hobbs Act's interstate commerce element is commonly referred to as a 'jurisdictional element,' the failure of the government to prove a nexus between the crime and interstate commerce is not jurisdictional in a

6

sense that it deprives the district court of subject matter jurisdiction." *United States v. Turner*, 272 F.3d 380, 390 (6th Cir. 2001) (citations omitted); *see United States v. Rayborn*, 312 F.3d 229, 231-32 (6th Cir. 2002) (similar conclusion regarding interstate commerce requirement for crime under 18 U.S.C. § 844(i)); *see also United States v. Laton*, 352 F.3d 286, 290 (6th Cir. 2003) (district court had subject matter jurisdiction over an indictment charging a violation of federal law). Defendant's challenge to the Court's jurisdiction is meritless, and it is not a proper subject for a motion to dismiss.

Conley also seeks dismissal of Count 8. Title 18 of the United States Code, § 875(b) punishes "[w]hoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another[.]" 18 U.S.C. § 875(b). Conley contends that the charge under § 875(b) must be dismissed because "the communications the government alleges he made were not interstate." (MTD at 122.) He argues that, "[w]ithout evidence of foreign transmissions, there is no violation of 18 U.S.C. §§ 875(b) and 2." (*Id.*) Once again, Conley's argument is premature.

Count 8 provides that defendants "did knowingly and with intent to extort money from a person known to the grand jury, transmit in interstate and foreign commerce from the Northern District of Ohio through the State of New York and elsewhere, to Columbus, Ohio, communications, to wit:  telephone calls and text messages to a person known to the grand jury, and the communications contained threats to injure and kill that person and others[.]" (S.I. at 159.) This language tracks the statute and sets forth the elements the government must prove. *See United States v. Nishniandize*, 342 F.3d 6, 14-15 (1st Cir. 2003) (discussing the elements under § 875(b)).

In his motion, Conley merely contests the government's allegation that he made threatening calls in interstate or foreign commerce, questioning whether the government will be able to offer evidence at trial in support of this element of the offense. Such an argument tests the sufficiency of the government's case and is better left for a Rule 29 motion at the conclusion of the government's case. *See, e.g.*, *United States v. Giordano*, 260 F. Supp. 2d 477, 482 (D. Conn. 2002) (court could not make pre-trial determination on sufficiency of evidence to support interstate commerce element of offense of knowingly initiating transmission of information concerning minors in interstate commerce); *see also Costello v. United States*, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L. Ed. 397 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charges on the merits. The Fifth Amendment requires nothing more."); *United States v. Jones*, Criminal Action No. 6:09-16-S-DCR, 2009 WL 2972934, at *2 (E.D. Ky. Sept. 11, 2009) (validity of indictment not affected by alleged insufficiency of evidence because elements of the crime and the nature of the charge sufficiently set forth).

The superseding indictment is legally sufficient, setting forth the essential elements of the charged offenses with sufficient detail to permit Conley to prepare a defense and guard against double jeopardy. Consequently, Conley's motion to dismiss is DENIED. Conley shall be permitted, if he so choses, to challenge the sufficiency of the government's evidence at the conclusion of the government's case.

### III.  MOTION FOR A BILL OF PARTICULARS

Conley also renews an earlier motion he filed seeking a bill of particulars. By this motion, Conley seeks particularity as to the following: (1) the nature of his alleged interference with interstate commerce; (2) the involvement of the alleged victim in interstate commerce; (3)

8

the extent to which the alleged victim's businesses are involved with and/or affect interstate commerce; and (4) the nature in which Conely's alleged communications were transmitted in or through interstate commerce. (Mot. for Bill at 125.).

Rule 7(f) provides for the filing of a request for a bill of particulars. Fed. R. Crim. P. 7(f). "The function of a bill of particulars is 'to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes.'" *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (quoting *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)). "Thus, the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 Fed. App'x 706, 724 (6th Cir. 2008) (citing FEDERAL PRACTICE & PROCEDURE § 129 (3d ed. 1999)); s*ee United States v. Matos-Peralta*, 691 F. Supp. 780, 791 (S.D.N.Y. 1988) ("The ultimate test must be whether the information sought is necessary, not whether it is helpful.") (citation omitted).

"A bill of particulars 'is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial[,]' " *Crayton*, 357 F.3d at 568 (quoting *Salisbury*, 983 F.2d at 1375), nor may a defendant use a bill of particulars to discover the government's legal theory of the case. *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (citation omitted); *United States v. Marks*, 364 F. Supp. 1022, 1030 (E.D. Ky. 1973), *aff'd*, 520 F.2d 913 (6th Cir. 1975), *rev'd on other grounds by Marks v. United States*, 430 U.S. 188, 97 S. Ct. 990, 51 L. Ed. 2d 260 (1977).

In addition, "[n]o bill of particulars should be issued where the indictment is sufficiently detailed." *United States v Mayhew*, 337 F. Supp. 2d 1048, 1061 (S.D. Ohio 2004) (citing *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986). "An indictment is

9

sufficiently detailed when it fairly informs the defendant of the charges against which he must defend and enables him to plead an acquittal or conviction in bar of future prosecution for the same offense." *Id.* (citations omitted). Further, the level of detail in the indictment can be a basis for denying the motion for a bill of particulars, *Salisbury*, 983 F.2d at 1375, and "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *suspended on other grounds by statute*, *United States v. Caselorente*, 220 F.3d 727 (6th Cir. 2000). Ultimately, the decision to require a bill of particulars is left to the discretion of the trial court. *See Musick*, 291 F. App'x at 724; *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993).

As set forth above, the superseding indictment is sufficiently detailed as to the crimes for which Conley is charged, including the dates and content of the alleged threating communications. In addition, the government represents, and Conley does not contest, that it provided Conley with substantial Rule 16 discovery including: copies of the search warrants and affidavits supporting the warrants, forensic evidence, and social media posts. With respect to the transmitted communications, the government indicates that it has provided Conley with copies of the alleged calls with transcripts, articles of incorporation for the victim's businesses, and an expert report regarding the interstate communications.

Also, though not required to do so and without making a full proffer, the government has offered several ways in which it could prove the requisite interference with interstate commerce. (Opp'n at 142-43.) For example, the government suggests that the evidence will show that the heroin that was at the heart of the conspiracy would have come from outside the United States. *See, e.g., Ostrander*, 411 F.3d at 692 (the cocaine and marijuana usually sold by the extorted victim originated in Latin American was sufficient to establish an impact on

interstate commerce) (citation omitted). Further, the government posits that Conley was aware through phone calls that one of the victims would have to utilize funds from his businesses to satisfy Conley's alleged requests for funds, and one of the victim's restaurants was located in Illinois and his trucking business traveled through interstate commerce. (Opp'n MTD at 143.).

The level of detail in the superseding indictment and the Rule 16 discovery, taken together, are sufficient to ensure that Conley is not unfairly surprised at trial. Conley has before him information regarding the alleged interference with interstate commerce, including the means by which the government may seek to establish this element in Count I, such that he can prepare his defense. *See, e.g., United States v. Roberts*, 174 F. App'x 475, 477-78 (11th Cir. 2006) (trial court did not err in denying motion for a bill of particulars where government provided detailed notice to defendant during discovery "of the evidence it might use to establish the interstate commerce element of the charges"); *United States v. D'Anna*, No. 13-20119, 2015 WL 1954490, at *4 (E.D. Mich. Apr. 29, 2015) (defendant's request for particularized information as to the factual basis for the interference of commerce element of Hobbs Act charge was denied where the indictment sufficiently charged this element). Indeed, it is clear that defendant's requests are really designed to obtain disclosure of evidentiary materials, which is not a proper use of a bill. *See, e.g., United States v. Ridley*, 199 F. Supp. 2d 704, 708 (S.D. Ohio 2001) (request for detailed information was really an improper request for complete discovery of evidentiary matters). Because the additional information Conley seeks is not necessary to prepare a defense or avoid surprise, and otherwise available from other sources, the request is DENIED.

**IV. CONCLUSION**

For all of the foregoing reasons, defendant Conley's motion to dismiss (Doc. No. 26) and renewed motion for a bill of particulars (Doc. No. 27) are DENIED. Additionally,

11

Conley's initial motion for a bill of particulars (Doc. No. 16), filed prior to the issuance of the superseding indictment, is DENIED as MOOT.

**IT IS SO ORDERED**.

Dated: January 20, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**