# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:15CR254 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| FRANKLIN D. CONLEY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Franklin Conley ("defendant" or "Conley") for a *Franks* hearing. (Doc. No. 57 ["Mot."].) The government opposes the motion. (Doc. No. 62 ["Opp'n"].) The Court determined, and counsel agreed, that the motion may be resolved without the need for oral argument. (*See* Telephone Status Conference Minutes, May 2, 2016.) For the reasons set forth below, defendant's motion is denied.

## I. BACKGROUND

On June 11, 2015, a complaint was filed against Conley and a co-defendant, Patrick Griffin ("Griffin"), charging the two men with conspiracy to commit Hobbs Act extortion, in violation of 18 U.S.C § 1951, and transmitting in interstate commerce communications extorting money and threatening violence, in violation of 18 U.S.C. § 875(b). (Doc. No. 1 ["Compl."].) An arrest warrant was issued for the two men the same day (June 11, 2015) by Magistrate Judge Kathleen B. Burke. (Doc. No. 2 ["A.W."].) Conley and his co-defendant were arrested the following day on June 12, 2015.

The complaint was supported by an affidavit prepared by FBI Special Agent Douglas

Porrini ("S.A. Porrini"). (Doc. No. 1-1 ["Aff."].) In his affidavit, S.A. Porrini averred that he had been assigned to investigate certain activities of Conley and Griffin because it was believed that the two men were engaged in a conspiracy to threaten or harm an individual identified as the "Victim" or kill members of his family if the Victim did not pay them a sum of money. (*Id.* ¶ 2.) According to the affidavit, the alleged extortion related to a drug deal that had been indirectly brokered by the Victim's brother, who had introduced Conley and Griffin to a Mexican drug dealer. (*Id.* ¶ 6.) The drug dealer had taken their money without supplying them with the bargained-for drugs. (*Id.* ¶ 7.) As part of the conspiracy, Conley and Griffin began placing cellular calls to the Victim threatening him and his family "with serious physical harm, including death, if the Victim did not provide them with between $65,000 and $175,000 or introduce them to a large drug distributor." (*Id.* ¶ 5.)

Included in the affidavit were portions of the cellular calls and text messages received by the Victim from Conley and Griffin between April 25, 2015 and May 31, 2015. As the excerpts demonstrated, the communications were replete with instances wherein Conley threatened violence against the Victim and his family if he did not pay Conley and Griffin. While S.A. Porrini included substantial details in his affidavit, he also represented that he had "not included each and every fact known to [him] concerning this investigation." (*Id.* ¶ 3.) Rather, he "set forth only the facts necessary to establish probable cause that" defendant and Griffin had "violated Title 18, United States Code, Sections 1951 and 875." (*Id.*)

The charges have been amended several times. An indictment was returned on July 1, 2015 (Doc. No. 11 ["Ind."]), and a superseding indictment followed on August 19, 2015. (Doc. No. 20 ["S. Ind."].) The superseding indictment charges defendants with one count of conspiracy to commit Hobbs Act extortion, five counts conspiracy to possess with the intent to distribute

2

controlled substances, one count of possession with intent to distribute heroin, and one count of transmitting threatening communications.

On January 20, 2016, the Court denied Conley's motions to dismiss the superseding indictment (Doc. No. 26) and for a bill of particulars (Doc. No. 27). (Doc. No. 48 (Memorandum Opinion ["M.O."]).) In response to Conley's challenge to the sufficiency of the superseding indictment, the Court found that the "allegations are sufficient to alert Conley to the charges against him so that he may prepare a defense and guard against double jeopardy." (M.O. at 238, case citations omitted.)

In the present motion, Conley suggests that the affidavit supporting the original complaint "omitted material facts which make statements in the [arrest] warrant misleading." (Mot. at 305.) Specifically, Conley represents that S.A. Porrini "relied upon a selective presentation of telephone conversations between Mr. Conley" and the Victim, "in support of [the] arrest warrant[.]" (*Id.* at 307.) According to defendant, he should receive "a *Franks* hearing in order to clarify his relationship with [the Victim] and answer any questions that the Court may have with regard to the contents of any conversations between the two men." (*Id.* at 313.)

II. **LAW AND DISCUSSION**

A.     *Franks* **Hearing Standard**

Conley seeks what has become known as a "*Franks* hearing." In *Franks v. Delaware*, the Supreme Court held that a criminal defendant may attack the veracity of the statements relied upon by law enforcement to procure search warrants. Under *Franks*, to be entitled to an evidentiary hearing, the defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . ." 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667

3

(1978); *see United States v. Fields*, 229 F.3d 1154, at *3 (6th Cir. 2000) (table decision) ("To prevail, [the defendant] is required to make a *substantial* preliminarily showing that an affiant deliberately or recklessly included false information in the affidavit.") (citation omitted, emphasis in original). "The defendant must specifically point to the disputed portions of the challenged affidavit, and must support these charges with an offer of proof." *United States v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002) (citing *Franks*, 438 U.S. at 1171.) "If the allegedly false statement is necessary to the finding or probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id.* (citing *Franks*, 438 U.S. at 171). A hearing is not required when a defendant merely wishes to cross examine government witnesses. *Franks*, 438 U.S. at 171. Additionally, "[a]llegations of negligence or innocent mistake are insufficient to show deliberate falsity [or] reckless disregard." *United States v. Kelley*, 596 F. Supp. 2d 1132, 1149-1150 (E.D. Tenn. 2009) (*Franks*, 438 U.S. at 171).

As set forth above, Conley does not suggest that the affidavit supporting the complaint and arrest warrant contain false statements. Instead, he alleges that material facts were omitted from S.A. Porrini's affidavit, and that had these facts been included, there would not have existed probable cause to support his arrest. (Mot. at 305.) The Sixth Circuit has "held that omissions 'are not immune from inquiry under *Franks*, [but it has] recognized that an affidavit which omits potentially exculpatory information is less likely to present a question of impermissible official conduct than one which affirmatively includes false information.'" *United States v. Graham*, 275 F.3d 490, 506 (6th Cir. 2001) (quoting *United States v. Atkins*, 107 F.3d 1213, 1217 (6th Cir. 1997)); *see United States v. Abboud*, 438 F.3d 554, 574 (6th Cir. 2006) ("This Court has interpreted *Franks* to include omissions.") (citations omitted). "This is so because an allegation of omission potentially opens officers to endless conjecture about

investigative leads, fragments of information, or other matters that might, if included, have redounded to defendant's benefit." *Atkins*, 107 F.3d at 1217 (quotation marks and citation omitted).

It is for this reason that the Sixth Circuit has "'repeatedly held that there is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement.'" *United States v. Speer*, 419 F. App'x 562, 571 (6th Cir. 2011) (quoting *United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008)). In fact, "except in the *very* rare case where the defendant makes a strong preliminarily showing that the affiant *with an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause, *Franks* is inapplicable to the omission of disputed facts." *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998) (emphasis in original);

Thus, in the case of alleged omissions, the defendant is entitled to a hearing "if and only if: (1) the defendant makes a substantial preliminary showing that the affiant engaged in deliberate falsehood or reckless disregard for the truth in omitting information from the affidavit, and (2) a finding of probable cause would not be supported by the affidavit if the omitted material were considered to be part of it." *Fowler*, 535 F.3d at 415 (citation omitted); *see United States v. Fountain*, --Fed. App'x--, 2016 WL 946120, at *3 (6th Cir. 2016) (citations omitted); *United States v. Braden*, 248 F. App'x 700, 702 (6th Cir. 2007) (setting forth two-part test) (citing *United States v. Charles*, 138 F.3d 257, 263 (6th Cir. 1998)).

### B.     Application to the Present Case

In support of his request for a *Franks* hearing, Conley identifies several facts that are missing from the FBI special agent's affidavit, the inclusion of which, Conley suggests, would have eliminated probable cause for his arrest. Specifically, Conley complains that the affidavit

failed to include: (1) the fact that Conley and the Victim had a "long-standing friendship[;]" (2) the fact that, during the course of the phone conversations, the Victim "frequently admitted that he supplied Mr. Conley with the contact information for [the Victim's] drug dealer[;]" (3) that Conley repeatedly advised the Victim that he did not "want no problems[;]" (4) that the Victim indicated that he was aware that Conley was "all talk[;]" and (5) that there was repeated references to "out your pocket," which defendant suggests indicated that he did not expect the Victim to pay him back. (Mot. at 311-13.) Had these facts been included, Conley posits, it would have been clear that he did not intend to obtain property from another by means of extortion.

Defendant's motion fails for two reasons. First, and foremost, the complaint has been superseded by the indictment, which was, in turn, superseded by the superseding indictment, which is now the only charging instrument in force in this case. *See United States v. Goff*, 187 F. App'x 486, 491 (6th Cir. 2006); 1 Charles Alan Wright, et al., Federal Practice and Procedure § 41 (4th ed.) Both indictments were returned based on evidence before the grand juries, and not upon the affidavit attached to the complaint. Thus, Conley's motion challenging the statements made in the affidavit would have only been properly filed prior to the return of the indictment. Further, defendant has not challenged the proceedings before the grand juries, and this Court has already ruled on the sufficiency of the superseding indictment.

Even if the complaint were still the relevant charging instrument supporting his arrest, Conley would not be entitled to a *Franks* hearing because he has failed to make the requisite preliminary showing. While he identifies facts that he believes should have been included in the affidavit, he neglects to make *any* showing that S.A. Porrini acted with the requisite state of mind in omitting these facts—"that he 'knowingly and intentionally, or with reckless disregard for the truth,' omitted these facts in order to mislead the magistrate judge." *Speer*, 419 F. App'x at 572

6

(district court did not err in refusing to hold a *Franks* hearing where the defendant failed to even attempt to demonstrate that the affiant intentionally, or with reckless disregard for the truth, failed to include certain facts in his affidavit) (quoting *Franks*, 438 U.S. at 171). Indeed, Conley has not suggested that S.A. Porrini was even aware that he and the Victim had allegedly been friends for many years, and there is certainly no evidence that this information was *intentionally withheld*.

Moreover, while defendant offers his belief that certain comments, such as "out your pocket," would have conveyed the message that he did not intend to recover his losses from the Victim, the agent was not required to "include in a warrant affidavit every hunch and detail of an investigation in the futile attempt to prove the negative proposition that no potentially exculpatory evidence had been excluded." *Mays*, 134 F.3d at 816; *see, e.g., United States v. Perry*, No. 06-20172-BC, 2007 WL 1017570, at *13-*14 (E.D. Mich. Apr. 3, 2007) (failure to include facts suggesting an innocent reason—independent of drug activity—why defendant was meeting with his brother did not establish that the affiant exhibited a reckless disregard of the truth).

Even if the Court were to review the complaint with the omitted facts, the inclusion of the facts would not have impacted the probable cause determination. The additional information would not necessarily lead to the inevitable conclusion that defendant was not going to follow through with his threats against the Victim and his family, and would not have negated Conley's repeated references to violence. While defendant is free to use this and other claimed innocent explanations for his statements and actions at trial as a defense to the extortion charges, the omission of these statements does not merit a *Franks* hearing. *See Graham*, 275 F.3d at 506-07 (omitted statements by defendant that he did not want innocent people to die would not have

negated probable cause).

## III. CONCLUSION

For all of the foregoing reasons, defendant Conley's motion for a *Franks* hearing (Doc. No. 57) is denied.

**IT IS SO ORDERED**.

Dated: May 4, 2016

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**