IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:15CR254 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| FRANKLIN D. CONLEY, | ) | |
| | ) | <u>PROPOSED CORRECTIONS TO</u> |
| Defendant. | ) | <u>JURY INSTRUCTIONS</u> |

Now comes the United States of America, by and through counsel, Carole S. Rendon, Acting United States Attorney, Teresa L. Riley and Robert E. Bulford, Assistant United States Attorneys, and respectfully request that Pages 25 and 27 of the Jointly Proposed Jury Instructions (Doc. #73 Page ID 452 and 454) be amended to correct errors in the proposed charges.

The first proposed is edit is to the paragraphs (1), and (3) on page 25 of the charge "**Affecting Interstate Commerce.**"  The government requests that the instruction **"Affecting Interstate Commerce"** be amended to provide:

**Affecting Interstate Commerce**

(1)     If you decide that the defendant conspired to obtain another's property, against his or her will, by the use or threat of force, violence, or fear of injury, you must then decide whether this action would affect interstate commerce in any way or degree.  You must

determine whether there is an actual or potential effect on commerce between any two or more states.

  (2) If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element.  The effect can be minimal.  For example, if a successful robbery of money would prevent the use of those funds to purchase articles which travel through interstate commerce that would be a sufficient effect on interstate commerce.

  (3) If you decide that interstate commerce would potentially or probably be affected if the defendant had successfully and fully completed his actions, then the element of affecting interstate commerce is satisfied.  You do not have to find that interstate commerce was actually affected.  However, if the defendant had finished his actions, and done all he intended to do and you determine there would have been no effect on interstate commerce, then you cannot find the defendant guilty.

  (4) You do not have to decide whether the potential effect on interstate commerce would be harmful or beneficial to a particular business or to commerce in general.  The government satisfies its burden of proving an effect on interstate commerce if it proves beyond a reasonable doubt any potential effect, whether it was harmful or not.

  (5) The defendant need not have intended or anticipated an effect on interstate commerce.  You may find the effect is a natural consequence of his actions.  If you find that the defendant intended to take certain actions—that is, he did the acts charged in the Superseding Indictment in order to obtain property—and you find those actions have either caused, or would probably cause, an effect on interstate commerce, then you may find the requirements of this element have been satisfied.

  (6) Only a foreseeable effect on interstate commerce is necessary.  It is the potential effect on interstate commerce at the time of the offense that is relevant.

  (7) Even a very minimal connection to interstate commerce is sufficient.

**Authority:**

Modern Federal Jury Instructions – Criminal P 50-7 (2014); *United States v. Stillo*, 57 F.3d 553, 558 (7th Cir. 1995); *United States v. Davis,* 967 F.2d 516, 522 (11th Cir. 1992); *United States v. Carmicahel*, 232 F.3d 510, 516 (6th Cir. 2000); *United States v. Mills*, 204 F.3d 669, 671 (6th Cir. 2000); *United States v. Atcheson*, 94 F.3d 1237, 1243 (9th Cir. 1996).

The next proposed edit is to the charge relating to Counts 2, 4, and 6 at page 27 of the Jointly Proposed Jury Instructions. The government requests that the instruction be edited to provide:

**Counts 2, 4 and 6 – Unlawful Use of a Communications Facility**

Counts 2, 4 and 6 of the superseding indictment accuse the defendant, FRANKLIN D. CONLEY, of knowingly and intentionally using a communication facility, to wit: a telephone, to facilitate acts constituting a felony under Title 21, United States Code, and Section 843(b). Title 21, United States Code, Section 843(b), makes it a crime for anyone knowingly to use a communication facility to commit or facilitate the commission of another controlled substances offense.

+The superseding indictment charges the defendant, FRANKLIN D. CONLEY, in pertinent part, as follows:

> On or about the dates and times listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant listed below did knowingly and intentionally use any communication facility, to wit: a telephone, to facilitate acts constituting a felony under Title 21, United States Code, Sections 841(a) (1), (b) (1) (B) and Section 846, that is conspiracy to possess with the intent to distribute and to distribute heroin:

| Count | Defendant | Date |
|---|---|---|
| 2 | FRANKLIN D. CONLEY | May 1, 2015 to May 2, 2015 |
| 4 | FRANKLIN D. CONLEY | May 8, 2015 |
| 6 | FRANKLIN D. CONLEY | May 31, 2015 |

4

All in violation of Title 21, United States Code, Section 843(b).

For you to find the defendant guilty of knowingly using a communication facility to facilitate the commission of another controlled substances offense, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(A) First, that the defendant knowingly used a "communication facility" as charged; and,

(B) Second, that the defendant used the "communication facility" with the intent to facilitate the commission of the offense of conspiracy to possess with intent to distribute and/or to distribute a controlled substance, as that offense has been defined in these instructions.

The term "communication facility" includes mail, telephone, wire, radio, and all other means of communication.

To "facilitate" the commission of an offense means to make easier or less difficult, or to aid or assist in the commission of that offense.

If you are convinced that the government has proved all of these elements with respect to Count 2, Count 4 and/or Count 6, say so by returning a guilty verdict on that/those charges. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of that/those charges.

**Authority:**

Fifth Circuit Pattern Jury Instructions, 2012 Edition, Section 2.88; United States v. Burns, 298 F.3d 523, 538 (6th Cir. 2002).

                Respectfully submitted,

                CAROLE S. RENDON
                Acting United States Attorney

By:    s/Teresa L. Riley
        Teresa L. Riley  (OH: 0075719)
        Assistant United States Attorney
        208 Seiberling Federal Courthouses
        Two South Main Street
        Akron, OH 44308
        (330) 761-0519   (330) 375-5492 (facsimile)
        Teresa.Riley@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                s/  Teresa L. Riley
                Teresa L. Riley
                Assistant U.S. Attorney