**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>vs.<br><br>FRANKLIN D. CONLEY,<br><br>DEFENDANT. | ) | CASE NO. 5:15-cr-254-1<br><br>JUDGE SARA LIOI<br><br>MEMORANDUM OPINION AND ORDER |

Before the Court is the motion of *pro se* petitioner Franklin D. Conley ("Conley") for reconsideration of the Court's memorandum opinion denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 165 (Motion for Reconsideration); *see* Doc. No. 153 (Motion to Vacate); Doc. No. 162 (Memorandum Opinion and Order); Doc. No. 163 (Judgment Entry).) In connection with his motion under Fed. R. Civ. P. 59(e), Conley also requests discovery and an evidentiary hearing.

In its October 23, 2020 memorandum opinion and order denying Conley's motion to vacate, the Court set forth in detail the factual and procedural background leading to the filing of Conley's motion to vacate. Familiarity with the underlying memorandum opinion is presumed. For purpose of the present motion, it is sufficient to note that, at the conclusion of a multi-day jury trial, Conley was convicted of conspiracy to commit Hobbs Act extortion, using a telecommunications device to facilitate a conspiracy to possess and distribute heroin, and transmitting in interstate commerce telephone calls and text messages containing threats to injure

and kill. (Doc. No. 80 (Conley Jury Verdicts).) On October 31, 2016, the Court sentenced Conley to a within-guidelines sentence of 139 months, and on October 24, 2018, the Sixth Circuit affirmed the Court's judgment. (Doc. No. 96 (Conley Judgment); Doc. No. 143 (6th Cir. Order).)

In the motion to vacate that followed, Conley argued that trial counsel failed to conduct a proper pre-trial investigation into the charges, appellate counsel failed to investigate trial counsel's lack of investigation, the government failed to correct alleged perjured testimony, and Conley was denied due process. Conley also reasserted the ineffective assistance of counsel claims he raised on direct appeal. The Court denied Conley's § 2255 motion. It determined that trial counsel was not ineffective for failing to discover financial records relating to the businesses the complaining witness—Christopher Wells—maintained he owned and would have to liquidate to satisfy the funds Conley and his co-defendant were extorting from him.[1] While Conley pointed to the fact that Wells' name did not appear on the incorporation documents for these business, the Court determined that Ohio law did not require the owner or officer of a corporation to be listed on such records. (Doc. No. 162 at 9–10[2].) It also determined that neither trial nor appellate counsel was otherwise ineffective. (*Id*. at 10–11.) Finally, the Court concluded that Conley was not denied due process. (*Id*. at 11–12.)

Conley brings his motion for reconsideration under Fed. R. Civ. P. 59(e). "A party must

[1] Evidence regarding Wells' businesses was offered by the government to establish the interstate commerce element under the Hobbs Act conspiracy count. It was the government's theory that the extortion would have affected interstate commerce because Wells testified that he told Conley that he would have to liquidate some of his business holdings to satisfy the debt his brother Joey allegedly owed Conley and his co-defendant, Patrick Griffin. (*See* Doc. No. 118 (Trial Transcript) at 17; Doc. No. 121 (Trial Transcript) at 70–71.)

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

file [his] Rule 59(e) motion to alter or amend a judgment 'no later than 28 days after the entry of the judgment.'" *Hunter v. United States*, 792 F. App'x 370, 371 (6th Cir. 2019) (quoting Fed. R. Civ. P. 59(e)). The district court lacks the authority to enlarge the time period. *See Banister v. Davis*, 140 S. Ct. 1698, 207 L. Ed. 2d 58 (2020) (citing Fed. R. Civ. P. 6(b)(2)); *see also Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010) (citing former 10-day time limit). Here, the Court's memorandum opinion and judgment were entered on October 23, 2020. Conley had until November 20, 2020 to file his motion for reconsideration. Even if the Court adds three days to that date for mailing (bringing the deadline to November 23, 2020), Conley's motion—filed December 9, 2020—would be untimely.[3]

When a party's Rule 59 motion is not filed within the mandatory 28-day period, the Court may consider the motion as one requesting relief from judgment pursuant to Fed. R. Civ. P. 60(b). *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). The standard for granting a Rule 60(b) motion, however, is significantly higher than the standard applicable to a Rule 59(e) motion. A timely Rule 59 motion may be granted for reasons involving any of four broad categories: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to present manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

[3] Conley's reference to former Fed. R. Civ. P. 6(a) is inapposite. Rule 6(a) was amended effective December 1, 2009. Under Former Rule 6(a), a period of 11 or more was computed differently than a period of less than 11 days. Intermediate Saturdays, Sundays, and legal holidays were *included* in computing the longer periods but *excluded* in computing the shorter periods. Thus, even under the old Rule 6(a), weekends and holidays would have been counted against Conley's 28-day time limit. Furthermore, under new Rule 6(a)—which is applicable to this case—all deadlines stated in days (no matter the length) are computed in the same way; the day of the event that triggers the deadline is not counted, but all intermediate Saturdays, Sundays, and legal holidays are counted. *See* Fed. R. Civ. P. 6(a)(1).

A Rule 60(b) motion, by contrast, may only be granted for six specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) does not permit the parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the underlying case. *In re Abdur'Rahman*, 392 F.3d 174, 179 (6th Cir. 2004). Most grounds for relief under Rule 60(b) "relate to, if not require, new information *about the case* that could not reasonably have been discovered earlier." *GenCorp. Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007) (emphasis added). Relief from judgment under Rule 60(b)(6)—the catch-all provision—is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quotation marks and citations omitted). Conley has not raised any arguments that fall within the first five categories covered by Rule 60(b). Nor has he demonstrated the existence of exceptional circumstances that would warrant relief under Rule 60(b)'s catch-all provision. Accordingly, he is entitled to no relief from the Court's prior judgment.

Even if the Court considered Conley's motion under the more generous parameters of Rule 59(e), it would still be denied. First, he argues that the Court misconstrued his argument regarding the incorporation records for Wells' businesses. He states that Wells perjured himself on the stand when he testified on cross-examination that he believed the incorporation

documents listed him as the president of his companies. (*See* Doc. 110 (Trial Transcript) at 33.) According to Conley, this testimony was "false and dangerously misleading. Had counsel investigated the businesses he would know that Christopher Wells was not listed on the incorporation records at all." (Doc. No. 165 at 6.) Noting that Wells' credibility was of "immense value" to the case, Conley posits that a reasonable juror could have concluded that "because Wells lied that he was listed on the incorporation documents as president or incorporator, he probably lied about his ownership interest as well and even more, that his testimony was completely suspect." (*Id.* at 7.)

But the record is clear that trial counsel did challenge Wells' credibility at trial. In his closing argument, trial counsel highlighted the fact that the government failed to produce any documentation showing Wells owned the businesses to which he testified, that Wells lied convincingly to Conley and Griffin about his intentions to follow through with his plans to liquidate his holdings, and that he did not call the police but, instead, called his agent and then agreed to meet Conley face-to-face despite his claims that he felt threatened by Conley. (Doc. No. 121 (Trial Transcript) at 82–84.) These facts taken together, counsel argued, rendered Wells an incredible witness. (*See, e.g., id*. at 83 [Wells "admitted he was lying [to Conley and Griffin], so why would he not lie to you?"].) Trial counsel reasonably offered these arguments despite the purported minor inconsistencies Conley believes were present in Wells' testimony, and in the absence of Conley's unidentified "smoking gun" documents, and Conley has failed to otherwise demonstrate how having those documents would have resulted in a different outcome.[4] *See*

[4] For these same reasons, Conley cannot demonstrate that appellate counsel was ineffective for failing to investigate trial counsel's failure to investigate.

*Hutchinson v. Bell*, 303 F.3d 720, 748–49 (6th Cir. 2002) ("This Court has held that a petitioner cannot show deficient performance or prejudice resulting from a failure to investigate if the petitioner does not make some showing of what evidence counsel should have pursued and how such evidence would have been material.") (citing, among authority, *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997)).

Conley also maintains again that trial counsel was ineffective for failing to challenge the testimony of FBI Special Agent Jake Kunkel, the government's expert on cell phone usage in the context of drug trafficking operations. In denying Conley's motion to vacate on this issue, the Court found that defense counsel had attempted to secure evidence to rebut Agent Kunkel's testimony but that the defense expert's opinion was consistent with the opinion of Agent Kunkel and would not have assisted the defense. (Doc. No. 162 at 11.) Conley now argues that "[i]t appears that [defense counsel] abandoned [one of his retained experts] for another . . . who's findings were consistent with Agent Kunk[el]'s." (Doc. No. 165 at 11, citing Doc. No. 121 at 8–9.) While defense counsel did make reference to two experts, the record is clear that counsel enlisted one expert on cell phone extraction and one expert on fingerprints. (*See* Doc. No. 51 (*Ex Parte* Motion for Funds for Fingerprint Expert); Doc. No. 52 (*Ex Parte* Motion for Funds for Cellular Expert).) He did not, as Conley now suggests, forego an expert with a favorable opinion for one that was less favorable to the defense. As the Court previously determined, defense counsel "cannot be considered to have been deficient for failing to present evidence that would have only bolstered the government's case." (Doc. No. 162 at 11.)

Finally, Conley argues, once again, that the government suborned perjury when it permitted Wells to lie about his businesses. (Doc. No. 165 at 12–13.) Wells testified on cross-

examination that while he was not the incorporator for his businesses, he believed that his name appeared on the incorporation records as the president. He also testified that he believed, though he was not "one hundred percent sure," that he produced the incorporation records to the FBI. (Doc. No. 110 (Trial Transcript) at 33.) Because his name is not on the incorporation records, and because FBI Agent Johnston testified that Wells did not supply him with any documents, Conley argues that Wells perjured himself and the government did nothing to correct the perjured testimony. (Doc. No. 165 at 13, citing Doc. No. 118 (Trial Testimony) at 97.)

"The 'deliberate deception of court and jury by the presentation of testimony known to be perjured' violates a defendant's due-process rights." *Monea v. United States*, 914 F.3d 414, 421 (6th Cir. 2019) (quoting *Mooney v. Holohan*, 294 U.S. 103, 112, 55 S. Ct. 340, 79 L. Ed. 791 (1935)). However, "[t]o prevail on such a claim, [a defendant] must show that the Government knowingly presented false testimony that materially affected the proceeding." *Id*. "[M]ere inconsistencies in the testimony will not suffice"' rather, the defendant "must prove that the Government's testimony was indisputably false." *Id*. (internal quotation marks and citation omitted). In this case, Conley has not presented any facts indicating the government knowingly present false testimony at trial. At best, Conley has highlighted equivocal testimony and minor inconsistencies that did not materially affect the proceedings. There is no evidence the government knowingly suborned perjured testimony.

For the foregoing reasons, as well as the reasons set forth in the Court's October 23, 2020 memorandum opinion, the untimely motion of defendant Franklin D. Conley for reconsideration (Doc. No. 165) is DENIED. For the same reasons, Conley's requests for discovery and an evidentiary hearing are also DENIED. Additionally, the Court CERTIFIES, pursuant to 28

U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: September 7, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**